SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
  spetersen@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:   619-338-6500
Facsimile:   619-234-3815

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PHILIP F. ATKINS-PATTENSON, Cal. Bar No. 94901
  patkinspattenson@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:   415-434-9100
Facsimile:   415-434-3947

Attorneys for Defendant
DELTA AIR LINES, INC.

**FILED**

10 JUL 30  PM 1: 51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____   DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. SPENCER, on behalf of himself and all persons similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>DELTA AIR LINES, INC. and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No. **'10 CV 1594 JM    WMc**<br><br>**CLASS ACTION**<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed:  June 28, 2010 |

CR

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
2  COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES
3  AND THEIR ATTORNEYS OF RECORD:

5  Defendant Delta Air Lines, Inc. ("Delta ") provides notice that pursuant to 28
6  U.S.C. Section 1441, Delta removes to this Court the state court action titled *Jeffrey P.*
7  *Spencer v. Delta Air Lines, Inc.*, Superior Court of the State of California, County of San
8  Diego, Central Division, Case No. 37-2010-00095132-CU-BT-CTL.

10  The following is a short and plain statement of the grounds for removal:

12  **THE STATE COURT COMPLAINT**

14  1.      On June 28, 2010, Plaintiff Jeffrey P. Spencer ("Plaintiff")
15  commenced a civil action in the Superior Court of the State of California, County of San
16  Diego, Central Division, by filing a complaint against Delta, identified as Case No. 37-
17  2010-00095132-CU-BT-CTL.  This case was assigned to Department C-67, the
18  Hon. David B. Oberholtzer presiding.

20  2.      Attached as Exhibit A is a copy of the state court file for this action,
21  including all pleadings, process, and orders served on Delta in the state court action. *See*
22  28 U.S.C. § 1446(a).

-1-

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

**FEDERAL QUESTION JURISDICTION EXISTS BECAUSE PLAINTIFF'S CLAIMS NECESSARILY DEPEND ON RESOLUTION OF SUBSTANTIAL QUESTIONS OF FEDERAL LAW**

3. Federal courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4. Federal question jurisdiction exists whenever a claim "necessarily depends on resolution of substantial questions of federal law," even if the plaintiff does not assert a federal cause of action. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998) (holding that removal is appropriate "although [the plaintiff's] theories are posited as state law claims, they are founded on the defendants' conduct . . . the propriety of which must be exclusively determined by federal law").

5. Here, Plaintiff asserts two causes of action, the first for alleged violation of California's Business and Professions Code Sections 17200, *et seq.* (the "UCL") and the second for alleged violation of California's Consumer Legal Remedies Act, codified at Civil Code Sections 1770, *et seq.* (the "CLRA"). In his first cause of action, Plaintiff claims that Delta's conduct "was an 'unlawful' business act or practice within the meaning of Business and Professions Code § 17200 because it violated 49 U.S.C. § 41712 and C.F.R. § 399.84." Complaint ¶ 24. In his second cause of action for violation of CLRA, Plaintiff incorporates his previous allegations. *Id.* ¶ 33. He claims that Delta's conduct was unfair and deceptive in violation of CLRA, in part because Delta allegedly violated 49 U.S.C. Section 41712 and federal regulations at C.F.R. Section 399.84.

-2-

6.     Plaintiff's UCL and CLRA claims, therefore, "necessarily depend" on "resolution of substantial questions of federal law." *See Franchise Tax Board*, 463 U.S. at 27-28; *see also Sparta Surgical Corp.*, 159 F.3d at 1212. Thus, federal question jurisdiction exists.

## THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

7.     <u>The Removal Venue Is Proper</u>. Pursuant to 28 U.S.C. Section 1446(a), Delta files this Notice of Removal in the U.S. District Court for the Southern District of California. This venue is proper because Plaintiff originally filed his action in the California Superior Court for the County of San Diego.

8.     <u>The Removal Is Timely</u>. Pursuant to 28 U.S.C. Section 1446(b), Delta files this Notice of Removal within thirty days of being served with the Summons and Complaint. *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiff filed this action on June 28, 2010, but did not serve Delta with the Summons and Complaint until July 1, 2010. Thirty days from July 1, 2010 is July 31, 2010, but because July 31, 2010 falls on a Saturday, Delta's deadline to file this Notice of Removal is Monday, August 2, 2010. Delta has met this deadline.

9.     <u>Delta Has Sufficient Consent</u>. Delta is the only named defendant in this action. Delta is not required to investigate the identity of the unnamed DOE defendants or to obtain their consent for removal. *See Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a).

10.     <u>Notice To Plaintiff And The Superior Court</u>. In accordance with 28 U.S.C. Section 1446(d), Delta serves written notice of the filing of this Notice of Removal

-3-

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

1   on Plaintiff and will also file, and serve on Plaintiff, an appropriate notice with the

2   California Superior Court for the County of San Diego.

3

4                                    **CONCLUSION**

5

6            For these reasons, this Court has jurisdiction and Delta requests that this

7   Court proceed with this matter as if Plaintiff had originally filed his Complaint in the U.S.

8   District Court for the Southern District of California.  Delta will file a response to that

9   Complaint within the applicable deadline.

10

11  Dated:  July 30, 2010

12                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13

14                              By

15                                    PHILIP F. ATKINS-PATTENSON
                                      SHANNON Z. PETERSEN

16

17                                    Attorneys for Defendant
                                      DELTA AIR LINES, INC.

18

19

20

21

22

23

24

25

26

27

28

                                          -4-

DEFENDANT DELTA AIR LINES, INC.'S
                                                                    NOTICE OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

1  **LAKESHORE LAW CENTER**
2  **Jeffrey Wilens, Esq. (State Bar No. 120371)**
3  **18340 Yorba Linda Blvd., Suite 107-610**
   **Yorba Linda, CA 92886**
4  **714-854-7205**
5  **714-854-7206 (fax)**
   **jeff@lakeshorelaw.org**

FILED
CIVIL BUSINESS OFFICE 3-D
CENTRAL DIVISION

2010 JUN 28   A 10: 10

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

ORIC......

6
7  **Attorney for Plaintiff**

8       **SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL**
9       **COURTHOUSE, STATE OF CALIFORNIA (Unlimited Civil)**
10          **330 West Broadway, San Diego, CA 92101**

| | |
|---|---|
| 11  JEFFREY P. SPENCER, on behalf of | ) Case No. **37-2010-00095132-CU-BT-CTL** |
| 12  himself and all persons similarly | ) |
|     situated, | ) |
| 13  | ) |
|        Plaintiff, | ) |
| 14  | ) |
| 15       v. | ) **CLASS ACTION** |
|     | ) |
| 16  DELTA AIR LINES, INC., | ) **COMPLAINT FOR** |
|     and DOES 1  through 100 inclusive, | ) **1. Violation of Unfair Competition Law** |
| 17  | ) (Business & Professions Code § 17200 et |
|     | ) al.) |
| 18  | ) **2. Violation of Consumer Legal** |
| 19  | ) **Remedies Act** |
|         Defendants. | ) (Civil Code § 1770 et. seq.) |

20
21  Plaintiff alleges as follows:
22                    **PARTIES**
23  1.  Plaintiff JEFFREY P. SPENCER, an individual, brings this action on behalf of
24      himself, and on behalf of a class of similarly situated persons pursuant to Code of
25      Civil Procedure § 382.   Plaintiff is a resident of the State of California and a
26      competent adult.
27  2.  Plaintiff is informed and believes, and thereupon alleges, that defendant DELTA AIR
28      LINES, INC. (DELTA) is now, and at all times mentioned in this Complaint was, a

1    corporation based in Atlanta, Georgia and doing business in the County of San

2    Diego, State of California, and throughout the State of California and United States.

3    3.  Plaintiff does not know the true names or capacities of the defendants sued herein as

4    DOES 1 through 100 inclusive, and therefore sues these defendants by such fictitious

5    names.  Plaintiff will amend this complaint to allege their true names and capacities

6    when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each

7    of these fictitiously named defendants is responsible in some manner for the

8    occurrences herein alleged, and that plaintiff's damages as herein alleged were

9    proximately caused by those defendants. Each reference in this complaint to

10   "defendant" or "defendants" or to a specifically named defendant refers also to all

11   defendants sued under fictitious names.

12   4.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

13   mentioned each of the defendants, including all defendants sued under fictitious

14   names, and each of the persons who are not parties to this action but are identified

15   by name or otherwise throughout this complaint, was the alter ego of each of the

16   remaining defendants, was the successor in interest or predecessor in interest, and

17   was the agent and employee of each of the remaining defendants and in doing the

18   things herein alleged was acting within the course and scope of this agency and

19   employment.

20                              **CLASS ALLEGATIONS**

21   5.  Plaintiff is a member of a class of persons, the members of which are similarly

22   situated to each other member of that class.  The class is defined as follows:

23              All persons who, on or after June 25, 2006, used Delta's
             website to purchase airline tickets for travel within the
24           United States and were quoted a specified price if they
             entered their credit card (or debit card) information, who
25           then entered their credit or debit card information in an
             attempt to purchase the airline ticket(s) at the quoted price,
26           who were then quoted a higher price to purchase the
             identical ticket(s), and who then completed the transaction
27           at the higher price.

28

                                      2
                                 COMPLAINT
                                     6

6. Plaintiff is informed and believes, and thereupon alleges, that the class plaintiff represents includes thousands of persons. The class is so numerous that it is impracticable to bring all members of the class before the court. The identity of the members of the class is easily ascertainable from defendant's own business records, or those of its agents, which would reflect the identity of the consumers who purchased airline tickets from defendant's own website for a higher price after being quoted a lower price.

7. The plaintiff and class members' claims against defendant involve questions of law or fact common to the class that are substantially similar and predominate over questions affecting individual class members in that all class members were solicited to purchase airline tickets at a specified price, entered their credit or debit card information to make the purchase and were then required to pay a greater amount for the identical tickets.

8. The claims of plaintiff are typical of the claims of the members of the class.

9. Plaintiff can fairly and adequately represent the interests of the class.

**FIRST CAUSE OF ACTION FOR UNFAIR COMPETITION AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION)**

10. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 9, inclusive.

11. Commencing prior to June 24, 2006, but continuing on that date and continuing thereafter, defendant has engaged in, is engaged in, and proposes to engage in unfair competition as that term is defined in Business and Professions Code § 17200, which includes any "unlawful, unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading advertising," and any act prohibited by Chapter 1 (commencing with § 17500) of Part 3 of Division 7 of the Business and Professions Code.

12. At all relevant times, defendant Delta was a national air carrier advertising its

1     services to the general public in California and throughout the United States.

2  13. Plaintiff Spencer booked round trip airline tickets on Delta's website for travel from
3     Orange County, California to Salt Lake City, Utah on February 27, 2010 and
4     returning to Orange County, California on March 1, 2010. What caused Plaintiff to
5     travel on Delta was the fare being offered on its webpage at www.delta.com. What
6     happened was a classic example of "bait and switch."

7  14. On or about February 24, 2010, Plaintiff Spencer went to Delta's webpage and
8     entered the dates he desired to travel. He initially looked at fares departing on Friday
9     February 26, 2010 but found those fares to be approximately $374 plus taxes and
10    fees of $21.40 round trip.

11  15. He then changed the date of departure and found that Delta was offering a flight
12    departing on Saturday February 27, 2010 at 6:45 a.m. and returning on Monday
13    March 1, 2010 at 4:30 p.m. for $138 plus taxes of $21.40. Mr. Spencer then changed
14    his travel plans and made arrangements for lodging and skiing to accommodate a
15    Saturday morning departure and a return on the following Monday evening.

16  16. Mr. Spencer then attempted to purchase the plane tickets on the Delta webpage for
17    the Saturday February 27, 2020 6:45 a.m. departure and the Monday March 1, 2020
18    4:30 p.m. return flight. When he clicked on the box reserving the flights he was
19    quoted a round trip price of $138 plus $21.40 in taxes/fees. He then entered his
20    credit card information. After he entered his credit card information he was
21    informed that the price of the airfare including taxes and fees was $159.40 and was
22    prompted to click the purchase box. Below the purchase box there was a statement
23    advising Mr. Spencer that if he clicked the purchase box he would be committed to
24    the transaction. The language stated "When you click Purchase, you agree to all Fare
25    Rules for each flight & all terms in Delta's applicable Contract of Carriage. Your
26    credit card will be charged at this time. The transaction may take up to 3 minutes, so
27    please be patient."

28  17. Mr. Spencer then clicked on the Purchase box. After clicking the Purchase box a

4

COMPLAINT

1    new page opened stating "Fare Change. The fare quoted earlier of $159.40 (USD) has

2    changed. The new fare for this itinerary is $395.40 (USD). To continue your

3    purchase click continue. Otherwise click Start Over to return to the Reservations

4    input screen and select different dates and times."

5 18. Mr. Spencer then exited the screen and started over thinking there must have been

6    some sort of error on the webpage. He re-entered his travel dates and was again

7    quoted the $159.40 round trip fare, but when after clicked to purchase the tickets at

8    that fare he was again notified that the actual price was $395.40. Mr. Spencer then

9    called Delta's customer service and was told that there was no mistake on the

10    webpage and that the change in price Mr. Spencer encountered when he attempted

11    to purchase the tickets was "the way things worked" and the customer service

12    represented refused to honor the lower price quoted on the webpage.

13 19. Having already made plans for his trip Mr. Spencer went back on the webpage and

14    received the same quote of $159.40 for the round trip airfare which changed to

15    $395.40 after he attempted to purchase the tickets. Since he had already planned

16    the trip and made plans to be in Salt Lake City on the dates selected, Mr. Spencer

17    went through with the purchase at the $395.40 rate.

18 20. Mr. Spencer went back on the Delta Airlines webpage the following day and saw

19    Delta was still offering the round trip airfare for $159.40. Hoping Delta was actually

20    selling the tickets for the advertised price, Mr. Spencer went through all of the steps

21    to purchase the tickets, but after he clicked the purchase price he received the same

22    screen stating the actual price was $395.40.

23 21. Plaintiff is informed and believes, and thereupon alleges, that during the class period

24    Delta operated the same false advertising scheme described above with regard

25    numerous flights departments from various airports for travel throughout the United

26    States. As a result, plaintiff alleges that Delta received payments in excess of the

27    advertised price from numerous class members.

28 22. The conduct of defendant as set forth above with respect to plaintiff and the class

1   members was an "unlawful" business act or practice within the meaning of Business
2   and Professions Code § 17200 because it violated 49 U.S.C. § 41712 and 14 CFR §
3   399.84.

4   23. 49 U.S.C. § 41712 provides: "On the initiative of the Secretary of Transportation or
5   the complaint of an air carrier, foreign air carrier, or ticket agent, and if the Secretary
6   considers it is in the public interest, the Secretary may investigate and decide
7   whether an air carrier, foreign air carrier, or ticket agent has been or is engaged in an
8   unfair or deceptive practice or an unfair method of competition in air transportation
9   or the sale of air transportation. If the Secretary, after notice and an opportunity for
10   a hearing, finds that an air carrier, foreign air carrier, or ticket agent is engaged in an
11   unfair or deceptive practice or unfair method of competition, the Secretary shall
12   order the air carrier, foreign air carrier, or ticket agent to stop the practice or
13   method.

14   24. 14 CFR § 399.84 is entitled "Price advertising" and provides: "The Board considers
15   any advertising or solicitation by a direct air carrier, indirect air carrier, or an agent
16   of either, for passenger air transportation, a tour (i.e., a combination of air
17   transportation and ground accommodations), or a tour component (e.g., a hotel stay)
18   that states a price for such air transportation, tour, or tour component to be an
19   unfair or deceptive practice, unless the price stated is the entire price to be paid by
20   the customer to the air carrier, or agent, for such air transportation, tour, or tour
21   component."

22   25. Because the price stated on the Delta website immediately before the credit or debit
23   card information is entered is **not** the entire price for the passenger air
24   transportation, by stating the inaccurate price Delta engaged in an unfair or
25   deceptive practice in violation of the foregoing provisions of law.

26   26. The conduct of defendant as set forth above with respect to plaintiff and the class
27   members was a "fraudulent" business act or practice and deceptive or misleading
28   advertisement within the meaning of Business and Professions Code § 17200

because plaintiff and the class members were likely to be deceived into believing that they would be able to purchase the airline ticket at the quoted price when they entered their credit or debit card information to complete the purchase. Defendant's subsequent refusal to honor the advertised price and try to switch the plaintiff and class members to a higher price does not eliminate the deceptive nature of the scheme.

27. The conduct of defendant as set forth above with respect to plaintiff and the class members was an "unfair" business act or practice within the meaning of Business and Professions Code § 17200. The fairness of business conduct is determined by weighing the practice's impact on consumers and members of the general public against the business justification for the conduct. Here, there was no business justification for falsely advertising a ticket price in order to induce the customer to purchase the ticket and then trying to switch them to a higher priced identical ticket. On the other hand, defendant's practices were harmful to consumers and caused substantial financial loss.

28. In engaging in conduct that constitutes unfair competition, each defendant has acquired money or property from members of the class. Specifically, defendant has acquired money paid by customers who were induced to purchase lower priced tickets and then switched to higher priced tickets after they entered their credit or debit card information to complete the purchase. All money paid by said customers in excess of the originally quoted price and interest thereon should be restored to the class members.

29. Pursuant to Business and Professions Code § 17203 and § 17204, plaintiff is empowered to act as Private Attorneys General to enjoin such conduct in the future and to compel each defendant to restore to the members of the general public and specifically the class members any money or property that it may have acquired as a result of any act which constitutes unfair competition.

30. Plaintiff meets the standing requirements under Proposition 64 in that plaintiff has

7

COMPLAINT

1  brought this action as a class action pursuant to Code of Civil Procedure § 382,
2  plaintiff has suffered injury in fact (the violation of the federal statutes and
3  regulations as well as the Consumer Legal Remedies Act as alleged below) and has
4  lost money (more than $240) as a result of defendant's acts of unfair competition.

5  31. It is impossible for plaintiff to determine the exact amount of money due to the class
6  members without a detailed review of defendant's financial books and records.
7  Accordingly, plaintiff seeks, among other things, an accounting and/or the
8  appointment of a receiver.

9  32. The aforementioned business practices of defendant are likely to continue and
10  therefore will continue to violate the law unless this court enjoins it and requires
11  defendant to cease the unlawful practices and to adopt policies and procedures to
12  assure violations will not be committed in the future.  Prior to filing this lawsuit,
13  plaintiff's counsel sent a pre-lawsuit notice identifying the nature of the alleged
14  violation and requesting that defendant remedy it by refunding illegally obtained
15  ticket payments and cease the unlawful conduct.  Defendant has not complied.

16  **SECOND CAUSE OF ACTION FOR VIOLATION OF CONSUMER LEGAL**
17  **REMEDIES ACT AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL**
18  **ACTION AND CLASS ACTION ON BEHALF OF CALIFORNIA RESIDENT**
19  **CLASS MEMBERS ONLY)**

20  33. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1
21  through 32, inclusive.

22  34. Section 1770 of the Civil Code, which is part of the Consumer Legal Remedies Act,
23  makes specified methods of competition and unfair or deceptive acts or practices
24  undertaken by any person in a transaction intended to result or which results in the
25  sale or lease of goods or services goods unlawful.

26
27
28

8
COMPLAINT

*12*

35. Plaintiff and the class members are "consumers" within the meaning of the Consumer Legal Remedies Act in that they are natural persons who obtained services for personal, family or household purposes.

36. The provision of air transportation services by defendant to plaintiff and the class members was part of a transaction intended to result and which resulted in the provision of services to consumers within the meaning of the Consumer Legal Remedies Act.

37. At the time of these transactions, defendant violated the following provisions of Civil Code section 1770:

a) Subdivision (a) (9) of Civil Code section 1770 by "Advertising goods or services with intent not to sell them as advertised."

b) Subdivision (a) (10) of Civil Code section 1770 by "Advertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity."

38. The aforementioned Delta website did not disclose any limitation of the quantity of tickets available at the lower listed price.

39. On April 8, 2010, plaintiff, acting through his counsel, notified defendant on behalf of himself and all similarly situated persons, of the unlawful acts and practices described above by written notice which contained a demand that said defendant rectify the situation by ceasing the deceptive and misleading practices, by identifying all persons who were overcharged air transportation, by offering to provide to each such person a remedy in the form of refund of the amount of the overcharge plus interest, and by providing the refunds upon demand.

40. Plaintiff's notice was sent by certified mail, return receipt requested, to the place where the transaction occurred and defendant's principle place of business. Defendant received the notices but failed to take the remedial steps and failed to agree to take the remedial steps within 30 days of the date upon which said defendant received the notice specific to that defendant.

41. As a direct and proximate result of the aforementioned acts of defendant, plaintiff and class members sustained actual damages, including general damages, in an amount according to proof by being subjected to a violation of their rights under the Consumer Legal Remedies Act. In particular, such damages would include the excessive amount of money paid by plaintiff and class members for the services of defendant.

42. The aforementioned acts of defendant constituted malice, oppression and fraud within the meaning of Civil Code § 3294, and thereby entitle plaintiff and class members to punitive or exemplary damages in an amount according to proof.

## REQUEST FOR JURY TRIAL

WHEREFORE, plaintiff prays for trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment on all causes of action against defendant as follows:

1. For an order certifying this matter as a class action;

2. For a declaration of the rights and liabilities of the parties including a declaration that the defendant's practice of advertising a lower price and then refusing to honor it after the credit or debit card purchase is attempted is an unlawful, deceptive or unfair business practice in violation of the UCL and CLRA.

3. For preliminary and permanent injunctive relief pursuant to Business and Professions Code § 17203 and Civil Code § 1780 restraining and enjoining defendant from continuing the acts of unfair and unlawful competition and deceptive practices set forth above, requiring defendant to take any acts needed to prevent further violations, and requiring defendant to take affirmative measures to redress past wrongdoings;

4. For an order requiring defendant to provide an accounting of all moneys which they may have received as a result of the acts and practices found to constitute unfair

1  competition under Business and Professions Code § 17200;

2  5. For an order that defendant identify, locate and make restitution to affected

3  members of the class, and all additional orders necessary to accomplish this purpose,

4  pursuant to Business and Professions Code § 17203;

5  6. For distribution of any moneys recovered on behalf of members of the class, via fluid

6  recovery or cy pres recovery where necessary to prevent defendant from retaining

7  the benefits of their wrongful conduct as provided in California v. Levi Strauss & Co.

8  (1986) 41 Cal.3d 460 and People v. Thomas Shelton Powers, M.D. Inc. (1992) 2

9  Cal.App.4th 330;

10  7. For compensatory damages on the second cause of action;

11  8. For interest on the sum of money to be restored on the first cause of action and on

12  the damages sought under the second cause of action;

13  9. For punitive damages on the second cause of action in an amount appropriate to

14  punish defendant for their wrongful conduct and to set an example for others;

15  10. For reasonable attorney's fees pursuant to Civil Code § 1780, pursuant to the Private

16  Attorney General doctrine set forth in Code of Civil Procedure § 1021.5, pursuant to

17  the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.

18  11. For costs of suit incurred herein; and

19  12. For such other and further relief as the court may deem proper.

20  DATED:  June 24, 2010

21                          Respectfully submitted,

22

23

24                          By  _____

25                          JEFFREY WILENS
                            Attorney for Plaintiff
26

27

28

1   **LAKESHORE LAW CENTER**

2   **Jeffrey Wilens, Esq. (State Bar No. 120371)**

3   **18340 Yorba Linda Blvd., Suite 107-610**
    **Yorba Linda, CA 92886**

4   **714-854-7205**
    **714-854-7206 (fax)**

5   **jeff@lakeshorelaw.org**

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2010 JUN 28  A 10: 16

CLERK OF THE SUPERIOR COURT
SAN DIEGO COUNTY, CA

ORIGINAL

6

7   **Attorney for Plaintiff**

8   **SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL**

9   **COURTHOUSE, STATE OF CALIFORNIA (Unlimited Civil)**

10   **330 West Broadway, San Diego, CA 92101**

| | |
|---|---|
| 11  JEFFREY P. SPENCER, on behalf of | ) Case No. _____37-2010-00095132-CU-BT-CTL |
| 12  himself and all persons similarly situated, | ) |
| 13 | ) |
|     Plaintiff, | ) |
| 14 | ) |
| 15    v. | ) **CLASS ACTION** |
|  | ) |
| 16  DELTA AIR LINES, INC., | ) **VENUE DECLARATION OF JEFFREY** |
| 17  and DOES 1  through 100 inclusive, | ) **WILENS** |
|  | ) |
| 18    Defendants. | ) |

19   1.  I am an attorney of record for plaintiff in this matter.  I could and would competently

20   testify to the below stated facts of my own personal knowledge if called as a witness.

21   2.  The complaint in this action is filed in the proper place for trial under Civil Code §

22   1780, subdivision (d) in that San Diego is a county in which the person against whom

23   this action is brought "is doing business."

24       I declare under penalty of perjury under the laws of the State of California that

25   the foregoing is true and correct, except as to those matters stated on information and

26   belief, and as to those matters I believe them to be true.

27       Executed on June 24, 2010 at Yorba Linda, California.

28       By _____/s/_____

1

VENUE DECLARATION

16

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jeffrey Wilens, Esq. (#120371)
Lakeshore Law Center
18340 Yorba Linda Blvd.
No. 107-610
Yorba Linda, CA 92886

**ORIGINAL**

TELEPHONE NO.: 714-854-7205  FAX NO.: 714-854-7206
ATTORNEY FOR (Name): Plaintiff

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2010 JUN 28 A 10: 16

CLERK'S OFFICE
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: P. O. Box 22028
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Hall of Justice

CASE NAME: Spencer v. Delta Air Lines, Inc., et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2010-00095132-CU-BT-CTL |
|---|---|---|
| [x] Unlimited [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action (specify): Two

5. This case [x] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 24, 2010

Jeffrey Wilens, Esq. (#120371)
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**    Legal Solutions Plus    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

17

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** Delta Air Lines, Inc., and Does 1
**(AVISO AL DEMANDADO):** through 100 inclusive,

ORIGINAL

**YOU ARE BEING SUED BY PLAINTIFF:** Jeffrey P. Spencer, on
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** behalf of himself
and all persons similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2010 JUN 28  A 10: 16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court, County of San Diego
330 West Broadway
P. O. Box 22028
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2010-00095132-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeffrey Wilens, Esq.               714-854-7205      714-854-7206fax
Lakeshore Law Center
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886

DATE: JUN 28 2010                  Clerk, by  M. Scott           , Deputy
*(Fecha)*                          *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

18

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

PLAINTIFF(S) / PETITIONER(S):    Jeffrey P Spencer

DEFENDANT(S) / RESPONDENT(S):  Delta Air Lines Inc

SPENCER VS. DELTA AIR LINES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2010-00095132-CU-BT-CTL |

Judge:  David B. Oberholtzer                    Department: C-67

**COMPLAINT/PETITION FILED:** 06/28/2010

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                                                    **Page: 1**

**NOTICE OF CASE ASSIGNMENT**

*19*

1  *Jeffrey P. Spencer v. Delta Air Lines, Inc.*
   San Diego Superior Court, Case No. 37-2010-00095132-CU-BT-CTL
2  U.S. District Court, Southern District of California, Case No.

3                        PROOF OF SERVICE

4          STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

5          I am employed in the County of San Diego; I am over the age of eighteen years and
   not a party to the within entitled action; my business address is 501 West Broadway, 19th
6  Floor, San Diego, California 92101-3598.

7          On **July 30, 2010**, I served the following document(s) described as

8  **CIVIL COVER SHEET**

9  **DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL TO
   FEDERAL COURT**
10
   on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
11 envelopes and/or packages addressed as follows:

12 Jeffrey Wilens, Esq.                            Attorneys for Plaintiffs
   Lakeshore Law Center                            Jeffrey P. Spencer, et al.
13 18340 Yorba Linda Blvd., Suite 107-610
   Yorba Linda, CA  92886
14 Tel 714-854-7205; Fax 714-85407206
   Email jeff@lakeshorelaw.org
15

16 ☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and
        processing correspondence for mailing.  Under that practice it would be deposited
17      with the U.S. postal service on that same day with postage thereon fully prepaid at
        San Diego, California in the ordinary course of business.  I am aware that on motion
18      of the party served, service is presumed invalid if postal cancellation date or postage
        meter date is more than one day after date of deposit for mailing in affidavit.
19
20 ☒    **FEDERAL:**  I declare that I am employed in the office of a member of the bar of
        this Court at whose direction the service was made.  I declare under penalty of
21      perjury under the laws of the United States of America that the foregoing is true and
        correct.

22 ☒    **STATE:**  I declare under penalty of perjury under the laws of the State of
        California that the foregoing is true and correct.
23
        Executed on July 30, 2010, at San Diego, California.
24

25

26                         Phyllis Chavez

27

28
                                        -1-
   W02-WEST:8SZP1\402751698.1                                    PROOF OF SERVICE
   37-2010-00095132-CU-BT-CTL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JEFFREY P. SPENCER, on behalf of himself and all persons similarly situated

## DEFENDANTS
DELTA AIR LINES, INC.

FILED

10 JUL 30 PM 1:51

**(b)** County of Residence of First Listed Plaintiff Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant State of Georgia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey Wilens, Esq.
Lakeshore Law Center
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
Tel 714-854-7205; Fax 714-85407206

Attorneys (If Known)
Sheppard, Mullin, Richter & Hampton
Shannon Z. Petersen, 501 West Broadway, 19th Floor, San Diego, CA
92101-3598, Tel 619-338-6500, Fax 619-234-3815
Philip F. Atkins-Patterson, Four Embarcadero Center, 17th Floor, San
Francisco, CA 94111, Tel 415-434-9100; Fax 415-434-3947

BY: DEPUTY

'10 CV 1594 JM WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441
Brief description of cause:
Plaintiff alleges violation of state law based on alleged violation of 49 U.S.C. § 41712

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
July 30, 2010

SIGNATURE OF ATTORNEY OF RECORD
Shannon Z. Petersen

## FOR OFFICE USE ONLY
RECEIPT # 16463   AMOUNT $350   APPLYING IFP 7/30/10 BH   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016463
Cashier ID: bhartman
Transaction Date: 07/30/2010
Payer Name: SHEPPARD MULLIN
--------------------------------
CIVIL FILING FEE
 For: SPENCER V DELTA AIR LINES
 Case/Party: D-CAS-3-10-CV-001594-001
 Amount:      $350.00
--------------------------------
CHECK
 Check/Money Order Num: 692799
 Amt Tendered:  $350.00
--------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```